UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

---

**ELAINE L. CHAO**, Secretary of Labor,
United States Department of Labor,

                    Plaintiff,

                    v.

**AA CAPITAL PARTNERS, INC., JOHN ORECCHIO, MARY ELIZABETH STEVENS, AA CAPITAL LIQUIDITY MANAGEMENT, LLC,**

                    Defendants.

CIVIL ACTION

File No. 08 c 2029

Judge Gettleman

---

### BRIEF IN SUPPORT OF SECRETARY'S MOTION FOR LEAVE TO FILE HER FIRST AMENDED COMPLAINT

Pursuant to Local Rule 7.1 of the Northern District of Illinois, Elaine L. Chao, Secretary of Labor, U.S. Department of Labor ("Secretary"), respectfully presents this brief in support of her motion for leave to file her first amended complaint.

I

ISSUE PRESENTED

Whether the Secretary should be permitted to amend her original complaint under Federal Rules of Civil Procedure 15(a)?

II

STATEMENT OF THE CASE

The Secretary filed her original complaint in this action on April 10, 2008, against AA Capital Partners, Inc., AA Capital Liquidity Management, LLC, John Orecchio and Mary

Elizabeth Stevens pursuant to Title I of the Employee Retirement Income Security Act of 1974, as amended. ("ERISA"), 29 U.S.C. §§1001 *et seq*. The Secretary's original complaint alleged, *inter alia*, that the defendants engaged in numerous acts of self-dealing in violation of ERISA §406(b), 29 U.S.C. §1106(b), and engaged in prohibited transactions with parties in interest in violation of ERISA §406(a), 29 U.S.C. §1106(a).

The Secretary brought this action pursuant to ERISA §§502(a)(2) and (5) seeking restitutionary and injunctive relief against the defendants. Specifically, the Secretary sought a permanent injunction enjoining the defendants from serving as fiduciaries or service providers to ERISA-covered plans, correction of all prohibited transactions and restitution of all losses incurred as a result of the defendants' breaches of fiduciary, and such other relief as may be equitable and just under the circumstances.

By this motion, plaintiff seeks leave to amend her complaint to clarify factual allegations set forth in paragraphs 36 through 41 of her complaint and to add an additional count with respect to investments made by defendants AA Capital Partners, Inc., John Orecchio and Mary Elizabeth Stevens in the Brush Monroe, LP.

**IV**

**ARGUMENT**

Rule 15(a) of the Federal Rules of Civil Procedure authorizes a party to amend a pleading once as a matter of course at any time before a responsive pleading is served or, if a responsive pleading has been filed, by leave of court. It is the Secretary's position that this court should grant her leave to amend paragraphs 36 through 41 of her complaint pursuant to the liberal

2

amendment policies set forth in Rule 15(a). Additionally, it is the Secretary's position that Rule 15(a) does not require the Secretary to seek leave to amend her complaint to add an additional count to her complaint as the defendants affected by this amendment have not yet filed a response with this court. However, if this court holds that the Secretary must seek leave of court to add an additional count to her complaint, the Secretary should be granted leave to make such an amendment.

1. The Secretary should be allowed to amend her complaint to clarify paragraphs 36 through 41.

Subdivision (a) of the Rule 15 provides for amendment by leave of court and states that "leave shall be freely given when justice so requires." This rule is used to "enable a party to assert matters that were overlooked or were unknown at the time he filed his original complaint." Wright, Miller & Kane, *Federal Practice and Procedure*, Civil 2d §1473.

As the Seventh Circuit noted in *J.D. Marshall Int'l v. Redstart, Inc.*, 835 F.2d 815 (7th Cir. 1991), "granting or denying a motion for leave to file an amended pleading is a matter purely within the sound discretion of the court." *Id.* at 819; *Bohen v. City of east Chicago, Ind.*, 799 F.2d 1180, 1184 (7th Cir. 1986); *Knapp v. Whitaker*, 757 F.2d 827, 849 (7th Cir. 1985). However, "this discretion is limited by Fed. R. Civ. P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits." *General Electric Co. v. Sargent & Lundy*, 916 F.2d 1119 (6th Cir. 1990).

The Seventh Circuit has identified several factors which trial courts may consider in denying a motion for leave to amend a pleading under Rule 15(a). These factors include undue

delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of amendment. *See Thompson v. Boggs*, 33 F.3d 847, 853 (7th Cir. 1994)( quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Johnson v. Methodist Medical Center of Illinois*, 10 F.3d 1300, 1303 (7th Cir. 1993). None of these factors exist in the instant case.

The Secretary filed this action on April 10, 2008, and only AA Capital Liquidity Management, LLC has filed an answer, and that was filed on June 16, 2008. The parties have not yet appeared for an initial status conference before this Court and no initial disclosures have been made. In making this motion the Secretary has merely sought to amend her original complaint, to ensure, to the best of her ability, that the factual allegations contained in the complaint are correct. This amendment will not cause undue delay to this proceeding or prejudice any of the parties. Thus, the interest of justice will be served by allowing the amendment of the complaint sought by the Secretary.

2. <u>The Secretary does not need to seek leave of court to amend her complaint to add an additional count.</u>

While a party's right to amend a pleading without leave is cut off by the service of a responsive pleading, if some, but not all, of the defendants have answered, the plaintiff has a right to amend the claims asserted only against the non-answering parties without leave of court. 3 Moore's Federal Practice §15.11 (Matthew Bender 3d ed.); Wright, Miller & Kane, *Federal Practice and Procedure,* Civil 2d §1481; *Barksdale v. King*, 699 F.2d 744, 746 (5th Cir. 1983); *Williams v. Board of Regents of Univ. Sys. Of Ga.*, 477 F.3d 1282, 1291 (11th Cir. 2007); *Terry v. LaSalle Nat'l Bank*, 1985 WL 4242 (N.D. Ill. 1985).

The Secretary also seeks to amend her complaint by adding additional factual and legal

4

allegations with respect to the investment of plan assets in the Brush Monroe LP made by defendants AA Capital Partners, Inc., John Orecchio, and Mary Elizabeth Stevens in 2006. The Secretary has not named AA Capital Liquidity Management, LLC. as a defendant with respect to these additional factual and legal allegations.   Neither AA Capital Partners, Inc., John Orecchio, nor Mary Elizabeth Stevens have filed an answer in response to the Secretary's original complaint.  Therefore, the Secretary's can amend her complaint with respect to the additional factual and legal allegations related to the Brush Monroe, LP as a matter of course with out first obtaining the consent of the parties or leave of court.

However, even if this court were to find that the Secretary must seek leave of court, pursuant to F.R.C.P. 15(a), the Secretary should be granted leave to amend her complaint in this manner.  The factors set forth in *Thompson v. Boggs*, 33 F.3d 847,  to deny an amendment, are inapplicable to this case and thus, justice would be served by allowing the amendment of the complaint as sought by the Secretary.

V.

CONCLUSION

For the foregoing reasons, the Secretary respectfully requests that an order be entered allowing the plaintiff to file her First Amended Complaint.

**Respectfully submitted,**

**GREGORY F. JACOB**
Solicitor of Labor

**JOAN E. GESTRIN**
Regional Solicitor

  /s Christine Z. Heri
**CHRISTINE HERI**
Senior Trial Attorney

**ADDRESS:**
Office of the Solicitor
U.S. Department of Labor
230 South Dearborn Street
Chicago, Illinois 60604
Telephone: (312) 353-7836

U.S. Department of Labor,
Attorneys for ELAINE L. CHAO
Secretary of Labor
Plaintiff

**Westlaw.**

Not Reported in F.Supp.
Not Reported in F.Supp., 1985 WL 4242 (N.D.Ill.)
**(Cite as: 1985 WL 4242 (N.D.Ill.))**

Page 1

H
Only the Westlaw citation is currently available.

United States District Court, N.D. Illinois, Eastern Division.
William TERRY, Tom Banks and Allan May, Plaintiffs,
v
LaSALLE NATIONAL BANK, a national banking association as Trustee under Trust No. 107718, et al., Defendants.
No. 85 C 7351.

Nov. 27, 1985.

MEMORANDUM OPINION AND ORDER
HART, District Judge.

*FACTS*
*1 Plaintiff Allen May (white) is a cardholder of Arthur's Club, an eating and drinking establishment located within the Sheraton-Waukegan Inn at 200 Greenbay Road in Waukegan, Illinois. In December 1984, May took non-cardholder plaintiffs William Terry (black) and Tom Banks (black), along with other white non-cardholders, to Arthur's Club as his guests. Terry and Banks were allegedly denied entrance to Arthur's Club as a result of their non-cardholder status. However, the white non-cardholder guests of May were allowed to enter. Terry and Banks allege that their non-cardholder status was a pretext for prohibiting their admittance because of their race.

Plaintiffs filed a charge of unlawful discrimination with the Illinois Department of Human Rights naming "Sheraton Inn, Waukegan," "Arthur's Club," and ZLR Corporation, George Zarkos, and James P. Thedos as defendants. After the written notices had been filed with the Illinois agency for thirty days, in compliance with 42 U.S.C. § 2000a-3(c), [FN1] plaintiffs filed suit in this court.

This suit was originally instituted pursuant to Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a *et seq.* ("Title II"). Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(3) and (4). Plaintiffs have named as defendants LaSalle National Bank, The Sheraton Corporation, VMS Associates, The Springer Group, Jeffery J. Springer, ZRL Corporation, George Zarkos, James Thedos, and Vicki Thedos.

Plaintiffs complained that defendants' conduct denied and deprived plaintiffs full and equal enjoyment of Arthur's Club, allegedly in violation of Title II. LaSalle answered and then filed a motion to dismiss the the complaint pursuant to Fed.R.Civ.P. 12(b)(2) and (6) or, in the alternative, to strike paragraph 2 of plaintiff's prayer for relief, which seeks damages. All other defendants simply moved to dismiss or strike. The motions were based on three grounds: (1) plaintiffs failed to name each defendant in their notice to the Illinois Department of Human Rights; (2) Title II does not protect a white plaintiff's right to associate; and (3) Title II allows only for injunctive relief and not monetary damages.

Plaintiffs then amended their complaint without leave of court to allege that: (1) in violation of 42 U.S.C. § 1981, defendants denied black plaintiffs Terry and Banks the same contractual right of admission and service in return for payment as bestowed on whites; (2) in violation of Title II defendants denied plaintiffs Terry and Banks, as a result of their race, full and equal enjoyment of goods, services, facilities, privileges, advantages and accommodation as afforded whites; and (3) in violation of 42 U.S.C. § 1981, defendants refused to extend to white plaintiff May the same contractual right of admission and service as afforded white cardholders with white guests and thereby denied May a right to associate with his black guests in public. Plaintiffs now seek injunctive relief and compensatory and punitive damages for all three plaintiffs.

*DISCUSSION*

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1985 WL 4242 (N.D.Ill.)
**(Cite as: 1985 WL 4242 (N.D.Ill.))**

Page 2

*A. Plaintiffs' Filing of an Amended Complaint*
\*2 Plaintiffs filed their amended complaint on October 15, 1985 without requesting leave of court. Prior to that date, one defendant, LaSalle National Bank, had filed an answer, and all defendants had filed (or would file) a motion to dismiss or, in the alternative, strike part or all of plaintiffs' complaint. Defendants argue that plaintiffs violated Fed.R.Civ.P. 15(a) by filing their amended complaint without leave of court.

Rule 15(a) provides in pertinent part:
> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served ... Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party....

Rule 15(a) requires leave from the court only when a responsive pleading has been filed. A motion to dismiss is not a responsive pleading. *Northlake Community Hospital v. United States,* 654 F.2d 1234, 1240 (7th Cir.1981); *La Batt v. Twomey,* 513 F.2d 641, 651 (7th Cir.1975). Therefore, plaintiffs' amended complaint containing plaintiffs' claims under 42 U.S.C. § 1981 was proper in spite of the motions to dismiss or to strike.

Furthermore, the filing of defendant LaSalle's answer does not preclude plaintiffs from filing their amended complaint without leave of court upon the defendants who have not filed a responsive pleading. *Barksdale v. King,* **699 F.2d 744, 747 (5th Cir.**1983); *Pallant v. Sinatra,* 72 F.R.D. 293, 299-300 (S.D.N.Y.1945).
> **If the amendment affects all defendants or one or more of those that have not responded, then it is generally held that a "responsive pleading" has not been served for purposes of Rule 15(a) and plaintiff may amend his complaint as of course with regard to these defendants that have not answered. 6 C. Wright & A. Miller, Federal Practice and Procedure § 1481 (1971).**

*Barksdale,* 699 F.2d at 747.

Moreover, the court sees no reason why plaintiffs should not be allowed to amend their complaint as to all defendants. Fed.R.Civ.P. 15(a) provides that leave "shall be freely given when justice so requires." Nothing suggests that there has been undue delay, bad faith or dilatory motive by plaintiffs or that there would be undue prejudice to any defendants if plaintiffs amend. This case was initiated only three months ago.

*B. Plaintiffs' Failure to Name All Defendants in the Complaints Filed with the Illinois Department of Human Rights*
Defendants allege that plaintiffs failed to satisfy 42 U.S.C. § 2000a-3(c), an essential prerequisite of 42 U.S.C. § 2000a, by failing to specifically name each defendant in the complaint filed with the state agency. *Hornick v. Noyes,* 708 F.2d 321 (7th Cir.1983), is cited by defendants for the proposition that the court must dismiss a defendant from a complaint filed with the court if that defendant was not named in the agency complaint. In *Hornick,* the plaintiff filed a complaint with the state agency naming the YMCA as the only defendant. She described actions of YMCA agents in the agency complaint whom she later named in the corresponding court action, but the court concluded that this was not sufficient to bring those individual respondents within the purview of 42 U.S.C. § 2000a-3(c).

\*3 Plaintiffs correctly point out that the *Hornick* court noted that the issue of whether the agents could be brought into court was moot since they were no longer employed by the YMCA. It further noted that it was not necessary to name those defendants since injunctive relief requested would be effective against agents of the YMCA in any event. *Hornick,* 708 F.2d at 324. However, the court made clear that those statements were merely additional notes and based it's decision on the fact that the defendants were not named in the agency complaint. *Id.* [FN2] Therefore, this court must dismiss the defendants who were not named in the agency complaint with respect to plaintiff's claim under Title II.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1985 WL 4242 (N.D.Ill.)  
**(Cite as: 1985 WL 4242 (N.D.Ill.))**

Page 3

George Zarkos, ZRL Corporation, and James Thedos cannot be dismissed from the action on this ground for they were specifically named in the agency complaint. On the other hand, LaSalle, Vicki Thedos, VMS Associates, The Springer Group, and Jeffrey J. Springer must be dismissed as to plaintiffs' Title II claim for they were not named in the complaint filed with the agency. [FN3]

Defendant Sheraton Corporation apparently argues that it was not named in the agency complaint, since the words "Sheraton Inn, Waukegan" were used instead of "Sheraton Corporation." It is undisputed, however, that Sheraton Corporation was on notice that it was a defendant here because it was represented by counsel at the administrative proceedings. Since Sheraton was adequately named for notice purposes of 42 U.S.C. § 2000a-3(c), it will not be dismissed as to plaintiffs' Title II claim. Consequently, the defendants remaining in this action as to plaintiffs' Title II claim are Sheraton, George Zarkos, ZRL Corporation, and James Thedos.

### C. Availability of Damages and Allen May's Cause of Action

Defendants argue that damages are not available under Title II. Plaintiffs admit that this is correct. However, plaintiffs now seek damages under § 1981, as plead in their amended complaint. Defendants do not challenge this.

Finally, defendants argue that a white plaintiff does not have a right to associate under Title II. However, since plaintiffs have properly amended their complaint to allege that May has a cause of action solely under 42 U.S.C. § 1981, there is no need to consider this issue.

IT IS THEREFORE ordered that:

(1) LaSalle National Bank, Vicki Thedos, VMS Associates, The Springer Group, and Jeffrey J. Springer be dismissed as to plaintiff's claim arising under 42 U.S.C. § 2000a et seq.

(2) Defendants' other motions to dismiss or, in the alternative, to strike, be denied.

(3) Plaintiffs are granted leave to amend their complaint and are given two weeks to file an amended complaint consistent with the other provisions of this order.

(4) Defendants are given an additional two weeks to reply.

(5) A status hearing is set for January 16, 1986 at 9:00 a.m.

> FN1. Section 2000a-3(c) provides in pertinent part:
> In the case of an alleged act or practice prohibited by this subchapter which occurs in a State, or political subdivision of a State, which has a State or local law prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no civil action may be brought ... before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority....
>
> FN2. Defendants also argue that *Hornick* directs us to look to Title VII cases in order to interpret Title II. However, the court did so in a separate section of the opinion dealing with other issues. 708 F.2d 325 n. 8. The fact that it did *not* do so in the part of the opinion dealing with the notice requirement of § 2000a-3(c) implies that it is not necessary to do so.
>
> FN3. This does not affect plaintiffs' claim against these defendants under § 1981. Defendants informed the court in their reply memoranda that they would not address themselves to plaintiffs' § 1981

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1985 WL 4242 (N.D.Ill.)
**(Cite as: 1985 WL 4242 (N.D.Ill.))**

Page 4

claim.

Not Reported in F.Supp., 1985 WL 4242 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.