**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**ELAINE L. CHAO**, Secretary of Labor, :
United States Department of Labor, :
                    Plaintiff, :
                : CIVIL ACTION
           v. :
           : File No. 08-CV-02029
**AA CAPITAL PARTNERS, INC., JOHN ORECCHIO,** : Hon. Robert Gettleman
**MARY ELIZABETH STEVENS,** and :
**AA CAPITAL LIQUIDITY MANAGEMENT, LLC,** :
                  Defendants. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**PROPOSED JOINT INITIAL STATUS REPORT**

Plaintiff Elaine L. Chao, Secretary of Labor ("Secretary"), United States Department of Labor and defendants AA Capital Partners, Inc., John Orecchio, Mary Elizabeth Stevens, and AA Capital Liquidity Management, LLC through their undersigned attorneys, file this initial status report.[1]

    **A.**    **Status Hearing**

This matter has been set for a status hearing on July 17, 2008.

    **B.**    **Attorneys of Record:**

        Plaintiff:        Secretary - Christine Heri and Ruben R. Chapa

        Defendants:    a.    AA Capital Partners, Inc. – Bill Barrett and Wendi E. Sloane;

                                b.    John Orecchio – William Ziegelmueller, Joseph Duffy, and Henry Baskerville;

---

[1] The parties met to prepare a joint status report for Judge Kendall on May 28, 2008. On July 1, 2008, the Secretary circulated a draft of the Joint Initial Status Report to all the parties, however, only counsel for Liquidity Management, Stevens, and Orecchio responded with comments.

   c.  Mary Elizabeth Stevens – Peter Shaeffer;

   d.  AA Capital Liquidity Management, LLC – Michael P. Conway and Mark Semisch

**C.** **Basis for Federal Jurisdiction:**

This action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1001, et seq., and is brought by the Secretary under ERISA §§502(a)(2) and (5), 29 U.S.C. §§1132(a)(2) and (5). This court has jurisdiction over this action pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1).

**D.** **Whether a jury trial is expected by either party.**

It is the Secretary's position that a jury trial is not available under the law because this is an equitable action. At this time, the defendants have not determined whether there is a right to a jury trial and if so whether any of them would request one.

**E.** **Nature of the Claims:**

1. Secretary's Position:

Defendant AA Capital Partners, Inc. ("AA Capital") is an investment manager to several Taft-Hartley plans. At all relevant times, defendant John Orecchio was a co-owner and an officer of AA Capital and defendant Mary Elizabeth Stevens was an officer of AA Capital. The Secretary alleges that defendants AA Capital, Orecchio and Stevens breached their fiduciary duties to these ERISA covered plans by failing to act for the exclusive benefit of ERISA plan participants, and by engaging in prohibited transactions in violation of ERISA §§404(a)(1)(A), (B) and (D); 406(a)(1)(D) and 406(b)(1) and (2).

Specifically, the Secretary asserts that the defendants violated ERISA in three general ways. First, the Secretary alleges that defendants AA Capital, Orecchio and Stevens used plan

2

assets to pay AA Capital's general operating expenses and to make payments on behalf of Orecchio. Additionally, the Secretary asserts that AA Capital Liquidity Management LLC, the general partner to AA Capital Equity Fund II, is also liable for some of the prohibited transfers. Second, the Secretary alleges that defendants AA Capital, Orecchio and Stevens authorized the payment of fees to AA Capital from plan assets in excess of those provided for under the terms of the investment management agreements the Taft-Hartley plans had executed with AA Capital. Finally, the Secretary alleges that defendants AA Capital, Orecchio and Stevens imprudently invested plan assets in the Brush Monroe, LP.

    2.    Defendants positions:

Liquidity Management LLC denies the claims asserted against it.

At this time, defendant Orecchio does not take a position on any of the claims asserted against him.

At this time, defendant Stevens does not take a position on any of the claims asserted against her.

The position of AA Capital is not known.

    **F.**    **Relief Sought**

    1.    Secretary seeks following relief:

The Secretary seeks to permanently enjoin the defendants from serving as fiduciaries or service providers to ERISA-covered plans, to restore all losses incurred by the ERISA Plans as a result of the violations of ERISA committed by them or for which they are liable, to disgorge all ill-gotten gains resulting from their violations of Title I of ERISA, to correct the prohibited transactions in which they engaged and to obtain such further equitable relief as may be appropriate to redress the violations and to enforce the provisions of Title I of ERISA. The

Secretary seeks restoration of over $24 million in plan assets that were improperly transferred to parties in interest, and an additional $32 million in plan assets that were imprudently invested in the Brush Monroe, LP.

    2.    Defendants Positions:

Defendants Liquidity Management, LLC, Stevens, and Orecchio do not take a position on the relief sought by the Secretary at this time.

The position of AA Capital is unknown.

**G.**    **Name of any party not yet served and circumstances regarding non-service:**

All parties have waived service by executing and filing the waiver of service of summons.

**H.**    **Principal legal issues:**

The primary legal issues are:

    1.    Whether the defendants are fiduciaries of the Plan.

    2.    Whether the monies at issue were "plan assets."

    3.    Whether defendants made transfers of plan assets, either to pay the expenses of AA Capital, the personal expenses of Orecchio or to pay excessive fees, that were prohibited under ERISA.

    4.    Whether the investment of plan assets in the Brush Monroe, LP was imprudent.

**I.**    **Principal Factual issues:**

The primary factual issues, all of which are in dispute, are:

    1.    Whether the defendants exercised authority and control over the disposition of plan assets;

    2.    Whether the defendants used ERISA plan assets to pay non-plan expenses;

3. Whether the defendants paid AA Capital unauthorized fees; and

4. Whether the defendants imprudently invested plan assets in the Brush Monroe, LP.

**J.     Anticipated Motions**

Other than potential motions to dismiss or a motion for more definite statement brought by defendants, the parties do not anticipate any motions at this time.

**K.     Discovery Description**

There has been no discovery to date. Discovery will be needed regarding all of the allegations in the complaint. The parties propose a discovery cut-off date of May 1, 2009.

1. Initial disclosures pursuant to Rule 26(a)(1) shall be simultaneously exchanged on August 15, 2008.

2. Expert Witnesses designations will be disclosed no later than March 1, 2009.

3. At this time the parties are not seeking any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule.

**L.     Earliest date the parties will be ready for trial and the length of the trial:**

The Secretary believes that the case should be ready for trial by August 1, 2009. Defendants Liquidity Management, LLC and Orecchio believe that because no answers have been filed it is premature to set a trial date.

The positions of the other defendants are unknown.

**M.     The status of any settlement discussions.**

The parties have briefly discussed settlement, but have not reached an agreement.

**N.     Whether the parties unanimously consent to proceed before the Magistrate Judge:**

At this time, the parties do not unanimously consent to proceed before the Magistrate Judge.

Respectfully submitted by:

Defendant:                                             Plaintiff:

                                                               Respectfully submitted,

_____                                  **GREGORY F. JACOB**
**William J. Barrett**                                  Solicitor of Labor
**Wendi E. Sloane**
Counsel for W. Scott Porterfield
Receiver of AA Capital                                  **JOAN E. GESTRIN**
Partners, Inc.                                          Regional Solicitor
Barack Ferrazzano Kirschbaum & Naggelberg, LLP
200 W. Madison Street, Ste. 3900
Chicago, IL  60606


                                                               s/ Ruben R. Chapa
                                                               **RUBEN R. CHAPA**
                                                               Attorney
                                                               Attorneys for Elaine L. Chao
_____                                Secretary,
**Henry Baskerville**                                   United States Department of Labor,
Counsel for Joseph Orecchio                             Plaintiff
Stetler & Duffy                                         Office of the Solicitor
11 South LaSalle St., Ste. 1200                         U.S. Department of Labor
Chicago, IL  60603                                      230 South Dearborn Street, Suite 844
                                                               Chicago, Illinois 60604
                                                               Telephone:   (312) 353-6993
s/Peter Shaeffer_____                       IL Bar No. 6215869
**Peter Shaeffer**
Counsel for Mary Elizabeth Stevens
30 N. LaSalle St. Ste. 2140
Chicago, Il 60602

_____
**Michael P. Conway**
Counsel for AA Capital Liquidity Management, LLC
Grippo & Elden, LLC
111 South Wacker Drive
Chicago, IL  60606

Case 1:08-cv-02029    Document 26    Filed 07/09/2008    Page 7 of 8

## CERTIFICATE OF SERVICE

I certify that one copy of the **Proposed joint Initial Status Report** has been served on the below-named individuals this 9th day of July 2008, via ECF transmission:

>William J. Barrett
>Wendi E. Sloane
>Counsel for W. Scott Porterfield
>Receiver of AA Capital
>Partners, Inc.
>Barack Ferrazzano Kirschbaum & Naggelberg, LLP
>200 W. Madison Street, Ste. 3900
>Chicago, IL  60606
>
>Joseph Duffy
>Counsel for Joseph Orecchio
>Stetler & Duffy
>11 South LaSalle St., Ste. 1200
>Chicago, IL  60603
>
>Peter Shaeffer
>Counsel for Mary Elizabeth Stevens
>30 N. LaSalle St. Ste. 2140
>Chicago, Il 60602
>
>Michael P. Conway
>Counsel for AA Capital Liquidity Management, LLC
>Grippo & Elden, LLC
>111 South Wacker Drive
>Chicago, IL  60606

>   _s/Ruben R. Chapa_____
>   **RUBEN R. CHAPA**
>   Attorney
>
>   U.S. Department of Labor
>   One of the Attorneys for
>   the Secretary