# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ELAINE L. CHAO, | ) | |
| | ) | Hon. Robert W. Gettleman |
| Plaintiff, | ) | |
| | ) | Case No. 08-cv-2029 |
| v. | ) | |
| | ) | |
| AA CAPITAL PARTNERS, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT JOHN ORECCHIO'S ANSWER
## TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant John Orecchio, by and through his attorneys, hereby submits his Answer to Plaintiff's First Amended Complaint and states as follows:

1.      This action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1001, et seq., and is brought by the Secretary under ERISA §§502(a)(2) and (5), 29 U.S.C. §§1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate equitable relief for breaches of fiduciary duty under ERISA §409, 29 U.S.C. §1109, and to obtain such further equitable relief as may be appropriate to redress the violations and to enforce the provisions of Title I of ERISA.

**ANSWER:**    Defendant Orecchio admits that Paragraph 1 is an accurate characterization of the Complaint but states that there are no factual assertions contained in this paragraphs that require a response.  To the extent a response is necessary, on the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to any allegations contained in Paragraph 1 of Plaintiff's First Amended Complaint.

2.      This court has jurisdiction over this action pursuant to ERISA §502(e)(1), 29 U.S.C. §1132 (e)(1).

**ANSWER:**    Defendant Orecchio admits that this Court has jurisdiction over this matter.  On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in

response to any remaining allegations contained in Paragraph 2 of Plaintiff's First Amended Complaint.

3.      Venue of this action lies in the Northern District of Illinois, Eastern Division, pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), because at all relevant times AA Capital Partners, Inc. ("AA Capital") maintained business offices at 10 S. LaSalle, Suite 3712, Chicago, Illinois 60603, within this district and division.

**ANSWER:**    Defendant Orecchio admits that Venue is proper in the Northern District of Illinois.  On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to any remaining allegations contained in Paragraph 2 of Plaintiff's First Amended Complaint.

4.      AA Capital is an investment management firm which was incorporated in Delaware in February 2002. AA Capital primarily provides investment management and advisory services to union pension funds and is a registered investment advisor under the Investment Advisors Act of 1940.

**ANSWER:**    On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint.

5.      AA Capital provided investment management and advisory services to employee benefit plans within the meaning of ERISA §3(3), 29 U.S.C. §1002(3), including: the Carpenters Pension Trust Fund – Detroit and Vicinity ("Detroit Carpenters Plan"); the Operating Engineers Local No. 324 Pension Fund ("Operating Engineers Plan"); the Michigan Regional Council of Carpenters Annuity Fund ("MRCC Plan"); the Millwrights' Local No. 1102 Supplemental Pension Fund ("Millwrights Plan"); and the Michigan Teamsters Joint Council #43 Pension Fund ("Michigan Teamsters Plan"). Collectively these plans will be referred to hereinafter as the "ERISA Plans".

**ANSWER:**    Paragraph 5 states a legal conclusion for which no response is necessary or appropriate.  To the extent that a response is necessary, on the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint.

6.      Each of the ERISA Plans entered into an Investment Management Agreement or Qualified Plan Asset Manager Investment Management Agreement with AA Capital. Under these agreements AA Capital accepted its appointment as an investment manager under ERISA §3(38), 29 U.S.C. §1002(38), and as a fiduciary to each of the ERISA Plans.

**ANSWER:**      Paragraph 6 states a legal conclusion for which no response is necessary or appropriate.  To the extent that a response is necessary, on the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint.

7.      In their agreements with AA Capital, the ERISA Plans granted AA Capital the authority to invest and disburse funds from the assets the ERISA Plans had given AA Capital control over, including the authority to invest plan assets into investment funds organized, managed or controlled by AA Capital. At all relevant times, AA Capital exercised this investment and disbursement authority without consulting with, or seeking the approval of, the ERISA Plans' trustees.

**ANSWER:**      On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint.

8.      At all relevant times, AA Capital had discretionary authority and control over the ERISA Plans' investments and the bank trust accounts AA Capital established in the name of each of the ERISA Plans to hold the ERISA Plans' assets until they were invested (hereinafter these accounts will be referred to as "bank trust accounts") and exercised that authority and control on a continuous basis.

**ANSWER:**      On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint.

9.      As a result of its discretionary authority and control over the management of the ERISA Plans' assets and investments, and its exercise of control over the management and disposition of those assets and investments as set forth in paragraphs 4 through 8 above, AA Capital was at all relevant times a fiduciary to the ERISA Plans within the meaning of ERISA §3(21)(A)(i) and (iii) , 29 U.S.C. §1002(21)(A)(i) and (iii); and, a party in interest to the ERISA Plans within the meaning of ERISA §§3(14)(A), 29 U.S.C. §§1002(14)(A). As a service provider to the ERISA Plans, AA Capital was also a party in interest to the ERISA Plans within the meaning of ERISA §§3(14)(B), 29 U.S.C. §§1002(14)(B).

3

**ANSWER:**    Paragraph 9 states legal conclusions for which no response is necessary or appropriate.  To the extent that a response is necessary, on the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint.

10.    At all relevant times, defendant John Orecchio ("Orecchio"), a co-owner of AA Capital, served as the President and a Managing Director of AA Capital and served as a member of the firm's Board of Directors.

**ANSWER:**    On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint.

11.    At all relevant times, defendant Mary Elizabeth Stevens ("Stevens"), served as the Chief Financial Officer and Chief Compliance Officer of AA Capital.

**ANSWER:**    On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint.

12.    At all relevant times, AA Capital exercised the investment and disbursement authority granted to it by the ERISA Plans through defendants Orecchio and Stevens.

**ANSWER:**    On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint.

13.    At all relevant times, defendants Orecchio and Stevens made investment decisions with respect to the assets the ERISA Plans transferred to AA Capital pursuant to the Investment Management Agreements the ERISA Plans had executed with AA Capital.

**ANSWER:**    On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint.

14.    At all relevant times, defendants Orecchio and Stevens exercised authority and control over the investment and disbursement of funds from the ERISA Plans' bank trust accounts.

**ANSWER:**    On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint.

15.    At all relevant times, defendants Orecchio and Stevens generally exercised authority and control over the investments made by AA Capital on behalf of the ERISA Plans.

**ANSWER:**    On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint.

16.    As a result of their exercise of control and authority over the investments of the ERISA Plans' assets and the management and disposition of those assets as set forth in paragraphs 10 through 15 above, defendants Orecchio and Stevens were fiduciaries of the ERISA Plans within the meaning of ERISA §3(21)(A)(i) , 29 U.S.C. §1002(21)(A)(i); and, parties in interest to the ERISA Plans within the meaning of ERISA §§3(14)(A), 29 U.S.C. §1002(14)(A). As officers of AA Capital, defendants Orecchio and Stevens were also parties in interest to the ERISA Plans within the meaning of ERISA §§3(14)(H), 29 U.S.C. §§1002(14)(H).

**ANSWER:**    Paragraph 16 states legal conclusions for which no response is necessary or appropriate.  To the extent that a response is necessary, on the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint.

17.    Defendant AA Capital Liquidity Management, LLC ("Liquidity Management ") is a limited liability company which was organized in Illinois. Liquidity Management was formed to serve as the general partner for AA Capital Equity Fund II, LP ("Equity Fund II"), a limited partnership formed by AA Capital in January 2005. Equity Fund II's assets were invested in real estate loans and entities that developed real property.

**ANSWER:**    On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint.

18.    Pursuant to Equity Fund II's operating agreement, Liquidity Management was solely responsible for operating Equity Fund II and investing its assets.

    **ANSWER:**    On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint.

19.    At all relevant times, defendants Orecchio and Stevens were both part owners of Liquidity Management and served as the company's Secretary and Treasurer, respectively; defendant AA Capital served as the Investment Manager for Liquidity Management with respect to Equity Fund II.

    **ANSWER:**    On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint.

20.    At all relevant times, Liquidity Management exercised its investment and disbursement authority granted to it by Equity Fund II through defendants Orecchio and Stevens.

    **ANSWER:**    On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint.

21.    In its capacity as investment manager, AA Capital invested assets of the Millwrights Plan and MRCC Plan in Equity Fund II. As a result of these investments, the underlying assets of Equity Fund II constituted plan assets under ERISA.

    **ANSWER:**    Paragraph 21 states a legal conclusion for which no response is necessary or appropriate.  To the extent that a response is necessary, on the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint.

22.    At all relevant times, Liquidity Management had discretionary authority and control over the assets and investments of Equity Fund II, and exercised control over the management and disposition of those assets and investments.

**ANSWER:** On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint.

23.     As a result of its discretionary control and authority over assets and investments of Equity Fund II and its exercise of control over the management and disposition of those assets and investments, defendant Liquidity Management was a fiduciary to the Millwrights Plan and MRCC Plan within the meaning of ERISA §3(21)(A)(i) , 29 U.S.C. §1002(21)(A)(i); and, a party in interest to the Millwrights Plan and MRCC Plan within the meaning of ERISA §3(14)(A), 29 U.S.C. §§1002(14)(A).

**ANSWER:**    Paragraph 22 states legal conclusions for which no response is necessary or appropriate.  To the extent that a response is necessary, on the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint.

24.     Pursuant to AA Capital's investment management agreements with the ERISA Plans, the assets committed by each plan were transferred directly to AA Capital and placed by AA Capital into separate bank trust accounts held in the name of each plan.

**ANSWER:**    On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint.

25.     At all relevant times, defendants Stevens and Orecchio were signatories on the ERISA Plans' bank trust accounts.

**ANSWER:**    On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint.

26.     The assets in the ERISA Plans' bank trust accounts were to be used by AA Capital solely for investment purposes on behalf of the ERISA Plans or, when agreed upon, to pay fees to AA Capital in accordance with the fee schedule set forth in the investment management agreements.

**ANSWER:**    On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint.

27.    Defendant AA Capital formed AA Capital Equity Fund I, LP ("Equity Fund I") in August 2002, and AA Capital Equity Fund II ("Equity Fund II") in January 2005.

**ANSWER:**    On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint.

28.    AA Capital Private Equity Investors Management, LLC ("Private Equity "), an Illinois limited liability company, served as the general partner for Equity Fund I. Defendants Orecchio and Stevens had partial ownership interests in Private Equity. Orecchio served as Private Equity's President and Secretary and was a member of its Board of Managers; defendant AA Capital served as the Investment Manager for Private Equity with respect to Equity Fund I.

**ANSWER:**    On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint.

29.    At all relevant times, Private Equity exercised its investment and disbursement authority granted to it by Equity Fund I through defendants Orecchio and Stevens.

**ANSWER:**    On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint.

30.    At all relevant times, defendants AA Capital, Orecchio, and Stevens caused the ERISA Plans to invest plan assets in Equity Fund I and/or Equity Fund II. These investments were accomplished through the execution of subscription agreements executed by AA Capital on behalf of each ERISA Plan with respect to each investment vehicle.

**ANSWER:**    On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint.

8

31.     Pursuant to the subscription agreements, a specific amount of plan assets was committed for investment in either Equity Fund I, Equity Fund II, or both, on behalf of a specific ERISA Plan.

**ANSWER:**     On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint.

32.     Upon information and belief, although defendant AA Capital committed the ERISA Plans to specific dollar amounts for investment in Equity Fund I and/or Equity Fund II at the time the subscription agreements were executed, the assets in a given ERISA Plan's bank trust account were not transferred by defendants AA Capital, Orecchio or Stevens from that account to an account in the name of Equity Fund I or Equity Fund II until the investment fund's general partner issued a "capital call" to the investment fund's investors.

**ANSWER:**     On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint.

33.     Upon information and belief, once the investment funds' general partner issued a capital call to the ERISA Plans, defendants AA Capital, Stevens and Orecchio caused assets to be transferred from the ERISA Plans' bank trust accounts to meet these capital calls. The intended recipients of these assets were the investment funds.

**ANSWER:**     On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint.

34.     Upon information and belief, Equity Fund I's and Equity Fund II's bank accounts were zero balance accounts in which deposits were to be used for investments or to pay legitimate operating expenses of the investment funds.

**ANSWER:** On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 34 of Plaintiff's First Amended Complaint.

35.     Pursuant to the subscription agreements executed on behalf of the ERISA Plans, money transferred from an ERISA Plan's bank trust account to a bank account held in the name of Equity Fund I or Equity Fund II pursuant to a capital call could only be used by the investment

fund's general partner to make investments or to pay the investment fund's legitimate operating expenses.

**ANSWER:**   On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 35 of Plaintiff's First Amended Complaint.

36.   Between May 19, 2004 and July 14, 2006, defendants AA Capital, Orecchio and Stevens caused Private Equity and Liquidity Management, respectively the general partners for Equity Fund I and Equity Fund II, to issue hundreds of capital calls on behalf of the investment funds to the ERISA Plans.

**ANSWER:**   On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 36 of Plaintiff's First Amended Complaint.

37.   Upon information and belief, instead of transferring all capital call payments directly to Equity Fund I and Equity Fund II, defendants AA Capital, Stevens and Orecchio caused approximately $18.6 million to be transferred from the ERISA Plans' bank trust accounts to AA Capital's general operating account to pay for, among other things, AA Capital's corporate operating expenses, renovations of a horse farm owned by Orecchio, renovation of a strip club operated by Orecchio and the purchase of a Las Vegas, Nevada condominium in Orecchio's name.

**ANSWER:**   On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 37 of Plaintiff's First Amended Complaint.

38.   Upon information and belief, in partial response to the capital calls issued, AA Capital, Stevens and Orecchio caused approximately $1.1 million to be transferred from the ERISA Plans' bank trust accounts to bank accounts held in the name of Equity Fund I and Equity Fund II. Thereafter, defendants AA Capital, Stevens and Orecchio acting on behalf of Private Equity and Liquidity Management caused these assets to thereafter be transferred to AA Capital's general operating account to pay for, among other things, AA Capital's corporate operating expenses, renovations of a horse farm owned by Orecchio, renovation of a strip club operated by Orecchio and the purchase of a Las Vegas, Nevada condominium in Orecchio's name.

**ANSWER:** On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 38 of Plaintiff's First Amended Complaint.

39.     Upon information and belief, in partial response to capital calls issued, defendants AA Capital, Stevens and Orecchio acting on behalf of Private Equity caused approximately $2.5 million to be transferred from Equity Fund I's bank account to AA Capital's general operating account. These assets represented reductions from investment disbursements which were to be made directly by Private Equity from the assets of Equity Fund I to the ERISA Plans' bank trust accounts. Instead, the ERISA Plans received net investment disbursements that Orecchio, AA Capital and Stevens caused Private Equity to reduce by $2.5 million to meet capital calls.

**ANSWER:** On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 39 of Plaintiff's First Amended Complaint.

40.     Upon information and belief, in partial response to capital calls issued, defendants AA Capital, Orecchio and Stevens acting on behalf of Private Equity caused the $2.5 million in assets retained in Equity Fund I's bank account referred to in paragraph 39 to be transferred directly into AA Capital's general operating account where these assets were used to pay for, among other things, AA Capital's corporate operating expenses.

**ANSWER:** On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 40 of Plaintiff's First Amended Complaint.

41.     Upon information and belief, in partial response to capital calls issued, defendants Liquidity Management, AA Capital, Orecchio and Stevens permitted assets to be transferred from the MRCC Plan's and the Millwrights Plan's plan bank trust accounts to AA Capital to pay a portion of the capital calls. Liquidity Management credited these transfers against the outstanding investment commitments AA Capital had made on behalf of MRCC Plan and the Millwrights Plan in Equity Fund II, even though these assets were not used for the benefit of Equity Fund II.

**ANSWER:** On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 41 of Plaintiff's First Amended Complaint.

42.    On August 19, 2002, AA Capital entered into an investment management agreement with the Detroit Carpenters Plan which provided that AA Capital would receive the following fees for providing services to the Detroit Carpenters Plan:

      a.    an annual management fee equal to 1% of the value of the assets under management; plus

      b.    out-of pocket costs and expenses incurred in connection with services rendered (excluding any overhead costs and expenses of AA Capital).

      **ANSWER:**    On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 42 of Plaintiff's First Amended Complaint.

43.    The investment management agreement with the Detroit Carpenters Plan also provided that the annual management fee was to be reduced by the amount of any fee paid by the Detroit Carpenters Plan that is attributable to any investment by the plan in Equity Fund I or Equity Fund II.

      **ANSWER:**    On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 43 of Plaintiff's First Amended Complaint.

44.    On December 12, 2003, AA Capital entered into an investment management agreement with the Operating Engineers Plan which provided that AA Capital would receive the following fees for providing services to the Operating Engineers Plan:

      a.    an annual management fee equal to .75% of the value of the assets under management; plus

      b.    out-of pocket costs and expenses incurred in connection with services rendered (excluding any overhead costs and expenses of AA Capital).

      **ANSWER:**    On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 44 of Plaintiff's First Amended Complaint.

45.    The investment management agreement with the Operating Engineers Plan also provided that the annual management fee was to be reduced by the amount of any fee paid by the Operating Engineers Plan that is attributable to any investment by the plan in Equity Fund I or Equity Fund II.

**ANSWER:**    On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 45 of Plaintiff's First Amended Complaint.

46.    In November 2004, AA Capital entered into an investment management agreement with the Millwrights Plan which provided that AA Capital would receive the following fees for providing services to the Millwrights Plan:

    a.    an annual management fee equal to 1% of the value of the assets under management; plus

    b.    out-of pocket costs and expenses incurred in connection with services rendered (excluding any overhead costs and expenses of AA Capital).

**ANSWER:**    On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 46 of Plaintiff's First Amended Complaint.

47.    The investment management agreement with the Millwrights Plan also provided that the annual management fee was to be reduced by the amount of any fee paid by the Millwrights Plan that is attributable to any investment by the plan in Equity Fund I or Equity Fund II.

**ANSWER:**    On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 47 of Plaintiff's First Amended Complaint.

48.    In June 1, 2004 [sic], AA Capital entered into an investment management agreement with the Michigan Teamsters Plan which provided that AA Capital would receive the following fees for providing services to the Michigan Teamsters Plan:

    a.    an annual management fee equal to 1% of the value of the assets under management; plus

    b.    out-of pocket costs and expenses incurred in connection with services rendered (excluding any overhead costs and expenses of AA Capital).

**ANSWER:**    On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 48 of Plaintiff's First Amended Complaint.

49.    The investment management agreement with the Michigan Teamsters Plan also provided that the annual management fee was to be reduced by the amount of any fee paid by the Michigan Teamsters Plan that is attributable to any investment by the plan in Equity Fund I or Equity Fund II.

**ANSWER:**    On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 49 of Plaintiff's First Amended Complaint.

50.    On July 1, 2002, AA Capital entered into a management agreement with Private Equity under which, for an annual fee between 1% and 1.25% of all subscriptions received from investors in Equity Fund I, AA Capital agreed to perform various management services for the investment fund.

**ANSWER:**    On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 50 of Plaintiff's First Amended Complaint.

51.    On November 1, 2004, AA Capital entered into a management agreement with Liquidity Management where, for an annual fee of 1% of all subscriptions received from investors in Equity Fund II, AA Capital agreed to perform various management services for the investment fund.

**ANSWER:**    On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 51 of Plaintiff's First Amended Complaint.

52.    From August 19, 2002 to August 31, 2006, AA Capital received management fees from Equity Fund I and Equity Fund II, but in violation of its investment management agreements with the Detroit Carpenters Plan, Operating Engineers Plan, Millwrights Plan and Michigan Teamsters Plan defendants AA Capital, Orecchio and Stevens did not reduce the investment management fees AA Capital charged said ERISA Plans by the amount of fees AA Capital received from Equity Fund I and Equity Fund II as a result of AA Capital's investment of the ERISA Plans' assets in these investment funds.

**ANSWER:**    On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 52 of Plaintiff's First Amended Complaint.

53.    On or about March 29, 2006, Orecchio, acting on behalf of AA Capital, established the Brush Monroe Partners, LP ("Brush Monroe"), a limited partnership created solely to invest in and purchase securities from Xyience, Inc. ("Xyience"), a privately held Nevada corporation which manufactures and sells food, vitamins, and beverages. Despite operating under the name Brush Monroe, the partnership's operating agreement, under which the partnership was to be operated, was never executed.

**ANSWER:**    On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 53 of Plaintiff's First Amended Complaint.

54.    During the period from March 29, 2006 through September 5, 2006, without conducting a prudent investigation of Brush Monroe or Brush Monroe's underlying investment strategy with respect to Xyience, defendants AA Capital, Stevens, and Orecchio executed subscription agreements on behalf of the Detroit Carpenters and Operating Engineers plans and caused those plans to invest $32 million in plan assets in Brush Monroe.

**ANSWER:**    On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 54 of Plaintiff's First Amended Complaint.

55.    As a result of the investments of the plan assets of the Detroit Carpenters and Operating Engineers plans made by defendants AA Capital, Stevens, and Orecchio's investments in Brush Monroe, those plans suffered losses.

**ANSWER:**    On the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 55 of Plaintiff's First Amended Complaint.

## COUNT ONE
### Expenditure of Plan Assets for Non-Plan Purposes

56.    The allegations contained in paragraphs 1 through 41, are hereby incorporated in this Count.

**ANSWER:**    Defendant Orecchio reasserts and incorporates by reference his answers to Paragraphs 1 through 55 above as if fully set forth herein his Answer to Paragraph 56.

57**.**    By the conduct described in paragraphs 33 through 40 above, defendants Orecchio, Stevens, and AA Capital:

    a.    failed to act solely in the interest of the participants and beneficiaries of the ERISA Plans and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of the ERISA Plans' administration, in violation of ERISA §404(a)(1)(A), 29 U.S.C. §1104(a)(1)(A);

    b.    caused the ERISA Plans to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the ERISA Plans, in violation of ERISA §406(a)(1)(D), 29 U.S.C. §1106(a)(1)(D); and,

    c.    acted on behalf of a party whose interests were adverse to the interests of the ERISA Plans or the interests of its participants and beneficiaries, in violation of ERISA §406(b)(2), 29 U.S.C. §1106(b)(2).

**ANSWER:**    Paragraph 57 states legal conclusions for which no response is necessary or appropriate.  To the extent that a response is necessary, on the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 57 of Plaintiff's First Amended Complaint.

58.    By the conduct described in paragraphs 33 through 40 above, defendants Orecchio and AA Capital dealt with assets of the ERISA Plans in their own interest, in violation of ERISA §406(b)(1), 29 U.S.C. §1106(b)(1).

**ANSWER:**    Paragraph 58 states a legal conclusion for which no response is necessary or appropriate.  To the extent that a response is necessary, on the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 58 of Plaintiff's First Amended Complaint.

59.    By the conduct described in paragraph 41 above, defendant Liquidity Management:

    a.    failed to act solely in the interest of the participants and beneficiaries of the ERISA Plans and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of the ERISA Plans'

administration, in violation of ERISA §404(a)(1)(A), 29 U.S.C. §1104(a)(1)(A); and,

b.     acted on behalf of a party whose interests were adverse to the interests of the ERISA Plans or the interests of its participants and beneficiaries, in violation of ERISA §406(b)(2), 29 U.S.C. §1106(b)(2).

**ANSWER:** Paragraph 59 states legal conclusions for which no response is necessary or appropriate. To the extent that a response is necessary, on the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 59 of Plaintiff's First Amended Complaint.

## COUNT TWO
### The Payment of Unauthorized fees

60.    The allegations contained in paragraphs 1 through 23, 27, 28 and 42 through 52, are hereby incorporated in this Count.

**ANSWER:**    Defendant Orecchio reasserts and incorporates by reference his answers to Paragraphs 1 through 59 above as if fully set forth herein his Answer to Paragraph 60.

61.    By the conduct described in paragraph 52 above, AA Capital, Orecchio, and Stevens:

a.     failed to act solely in the interest of the participants and beneficiaries of the ERISA Plans and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of the ERISA Plans' administration, in violation of ERISA §404(a)(1)(A), 29 U.S.C. §1104(a)(1)(A);

b.     failed to discharge their duty with respect to the plan in accordance with the documents and instruments governing the Plan in violation of ERISA §404(a)(1)(D), 29 U.S.C. §1104(a)(1)(D); and

c.     acted on behalf of a party whose interests were adverse to the interests of the ERISA Plans or the interests of its participants and beneficiaries, in violation of ERISA §406(b)(2), 29 U.S.C. §1106(b)(2).

**ANSWER:**    Paragraph 61 states legal conclusions for which no response is necessary or appropriate. To the extent that a response is necessary, on the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 61 of Plaintiff's First Amended Complaint.

62.    By the conduct described in paragraphs 52 above, defendants Orecchio and AA Capital dealt with assets of the ERISA Plans in their own interest, in violation of ERISA §406(b)(1), 29 U.S.C. §1106(b)(1).

**ANSWER:**    Paragraph 62 states legal conclusions for which no response is necessary or appropriate.  To the extent that a response is necessary, on the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 62 of Plaintiff's First Amended Complaint.

## COUNT THREE
## Imprudent Investment in Xyience, Inc.

63.    The allegations contained in paragraphs 1 through 23 and 53 through 55 are hereby incorporated in this Count.

**ANSWER:**    Defendant Orecchio reasserts and incorporates by reference his answers to Paragraphs 1 through 62 above as if fully set forth herein his Answer to Paragraph 63.

68.    By the conduct described in paragraphs 54 through 55 above, AA Capital, Orecchio, and Stevens:

     a.    failed to act solely in the interest of the participants and beneficiaries of the Detroit Carpenters plan and the Operating Engineers plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of plan administration, in violation of ERISA §404(a)(1)(A), 29 U.S.C. §1104(a)(1)(A); and,

     b.    failed to discharge their duties with respect to the Detroit Carpenters plan and the Operating Engineers plan solely in the interests of plan participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims in violation of ERISA §404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B).

**ANSWER:**    Paragraph 68 states legal conclusions for which no response is necessary or appropriate.  To the extent that a response is necessary, on the advice of counsel, Defendant Orecchio asserts his Fifth Amendment Rights in response to the allegations contained in Paragraph 68 of Plaintiff's First Amended Complaint.

Dated: August 8, 2008                    Respectfully submitted,

                                         JOHN A. ORECCHIO


                                         By: /s/ Henry M. Baskerville
                                                One of his Attorneys

Joseph J. Duffy
William P. Ziegelmueller
Henry M. Baskerville
STETLER & DUFFY, LTD.
11 South LaSalle Street
Suite 1200
Chicago, IL 60603
(312) 338-0200
(312) 338-0070
jduffy@stetlerandduffy.com
bziegel@stetlerandduffy.com
hbasker@stetlerandduffy.com
*Attorneys for Defendant Orecchio*

## <u>CERTIFICATE OF SERVICE</u>

I, Henry Baskerville, an attorney, certify that I caused a copy of the foregoing **Defendant's Answer to Plaintiffs' First Amended Complaint** to be served on the attorneys listed below via the Court's CM/ECF system this 8th day of August, 2008.


By: /s/  Henry M. Baskerville


To:    Ruben R. Chapa
       Christine Zuehlke Heri
       U.S. Department of Labor
       Office of the Solicitor
       230 S. Dearborn, Rm. 844
       Chicago, IL 60604
       312/353-6993
       chapa.ruben@dol.gov
       heri.christine@dol.gov
       *Attorneys for Plaintiff*

       Peter B. Shaeffer
       30 N. LaSalle Street, Suite 2140
       Chicago, Illinois 60602
       312-782-5306
       pshaefflaw@aol.com
       *Attorney for Defendant Mary Elizabeth Stevens*